■ CAMP AGUDAH, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41049.) — HERLIHY, J. P. The State appeals and the claimant cross-appeals from a judgment awarding damages in an appropriation action where .696 acre of land was taken from a parcel of 55 acres for the improvement of Route 28. The award of $16,245 was apportioned $495 for the direct taking, the balance for consequential damages to the remainder. The claimant's proof of before and after market value was based upon factors consisting of income, admittedly not feasible; reconstruction cost less depreciation; market data and comparable sales in the area. Due to the condition of the buildings, the expert depreciated the improvements one third and determined the total damages to be $36,468. The State's proof was based solely on comparables, the nature of which the court would not be obligated to accept or consider and subsequently stricken from the record by consent. Its expert found the direct taking to be $350 and stated that there was no basis for reproduction less depreciation because the improvements at the time of the appropriation had no value and that consequential damages of $3,350 which he allowed were primarily for change of grade and the cost of reconstructing and building driveways. The court, after noting the advantages of viewing the premises, stated: " The steep hazardous narrow access roads to the property,

the drainage problems caused by the construction of the new highway, the close proximity to the new highway of the three lodges, the need for a new interior service road and the failure to erect guard rails at the edge of the access roads as a protection from the deep trench created by the 25 foot embankment bordering reconstructed S. H. #5177 represent substantial elements of consequential damage. On the other hand, the failure to provide adequate sewage disposal, to properly maintain and protect the assets of the camp prior to the appropriation offsets some of the consequential damage to the claimant's property." The court then found damages for the direct taking of $495 and consequential damages to the remainder of $15,750 for a total award of $16,245. The court was not bound, as alleged by the claimant, to accept the depreciation formula as found by its expert, and after viewing the premises, may very well have concluded that the depreciation, as a result of the failure to properly maintain and protect the property, was substantially greater, nor was it obligated to accept the State's contention " that they [buildings] are of no utility whatsoever to the land". The damages, as found by the court, being within the range of the competent testimony, justify our affirmance. Without passing on the validity of the State's objection that the exclusion of an expert's testimony on the ground that the said expert was not paid a fee was error, that the camp had been " virtually abandoned" and that there was a failure to provide adequate sewage disposal, it is significant to note that the court in its decision found that the premises had been " virtually abandoned for full camping purposes". As to the State's contention that interest has been improperly awarded, the claimant concedes in its brief that the computation thereof will be made pursuant to subdivision 9 of section 20 of the Court of Claims Act (eff. April 10, 1964). Judgment affirmed, with costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.